148 So.2d 632

**Ex parte Ed PEPPER, Petitioner.**

**In re Ed PEPPER**

**v.**

**C. C. (Jack) OWEN and Joe S. Foster, As Members of Alabama Public Service Commission.**

3 Div. 54.

Supreme Court of Alabama.

Jan. 10, 1963.

Jack Crenshaw, Crenshaw, Wright, Long & Franco, for petitioner.

W. F. Black, Montgomery, for respondents.

PER CURIAM.

This is an original petition by the Honorable Ed Pepper, who is to assume office as a member of the Public Service Commission on Tuesday, January 15, 1963, asking this court, through the issuance of an extraordinary writ, to prevent the Honorable C. C. (Jack) Owen, President of the Alabama Public Service Commission, and the Honorable Joe Foster, a member of that Commission, from taking any action based on a purported hearing held on the 4th day of January, 1963, in regard to the telephone rate case presently pending before the Commission.

The basis of the petition is that the law contemplates that such action can only be taken after a public hearing and that no such hearing has been held.

Aside from the fact that the petition should have been presented to a judge of a

court of Montgomery County (Sec. 11, Title 48, Code 1940), it seems to be conceded that any final action taken or order entered by the respondents may be challenged by an appeal to the Circuit Court of Montgomery County, as provided by Sec. 79, Title 48, Code 1940.

It is asserted by petitioner that we should act through the issuance of an extraordinary writ, despite the above statutory provisions, so as to bring an end to the litigation out of which this petition arises.

Certain it is that the litigation should be terminated and the public afforded the relief to which it is entitled.

But we are not persuaded that the issuance of an extraordinary writ at this time would bring an end to the controversy.

In denying this petition, we are not to be understood as passing upon the efficacy of the so-called hearing held on the 4th day of January, 1963. That matter is left to be determined on appeal if it is determined that an appeal should be prosecuted from any action taken or order entered by the respondents in their official capacity.

Petition denied.

All the Justices concur.